SAMUEL B. CHANDLER, plaintiff in error, *v.* BRYAN MULLANPHY, defendant in error.

*Error to Madison.*

A. sued out two writs of attachment against B. in the same suit, directed to the sheriffs of different counties, and levied by each sheriff upon different tracts of land in their respective counties. Subsequently C. also, sued out two writs of attachment against B. which were directed in the same manner. One sheriff levied upon the same lands attached by him in the previous writ, and upon none other; the other, upon part of the same and other lands of B. All of the writs were made returnable to the same term, at which term A. recovered his judgment. C. did not obtain his judgment until the succeeding term. A. ordered his execution to be returned at a date subsequent to the recovery of the judgment by C. which was done accordingly. Before any further proceedings on the part of A., C. sold and purchased on his judgment sundry of the tracts previously attached by A. in one of the counties, with another tract included in his original levy. A. sold the land he had attached in the other county. No order of distribution was made, or served upon the sheriff of the former county until after the expiration of two years from the rendition of C.'s judgment, and the sale had taken place and the execution returned; nor did any certificate of distribution accompany either of the executions directed to him. On motion and after notice to the said sheriff, the Circuit Court of the other county made a rule absolute on him to pay over to A. a specified sum, and that the same be credited on his judgment as his proportion of the proceeds of the sale of lands in his county: *Held,* that this case did not come within the provisions of the twenty fourth section of the "*Act concerning Attachments,*" approved February 12, 1833; and that the order of distribution was improperly made.

MOTION for an order of distribution of the proceeds of a sheriff's sale, &c. made in the Madison Circuit Court at the October term 1845, David J. Baker, Esq. acting as Judge. The motion was made by the defendant in error for a rule on the plaintiff in error, who was the sheriff of St. Clair county,

the motion was allowed and a rule absolute entered against said sheriff. To reverse this decision, he prosecutes a writ of error to this Court.

The dates of the judgments, and other material facts are set forth by the Court in their Opinion.

*L. Trumbull,* and *J. Gillespie,* for the plaintiff in error, cited the 24th section of the Attachment Act of 1833; Kinne's Compendium for 1845, No. 3; *Payne* v. *Drewe,* 4 East, 534; *Rogers* v. *Dickey,* 1 Gilman, 636.

*E. Keating,* for the defendant in error.

The Opinion of the Court was delivered by

TREAT, J. On the 11th day of February, 1843, Bryan Mullanphy sued out of the Madison Circuit Court two writs of attachment, in the same suit, against Joseph F. Marallano. One of the writs was directed to the sheriff of Madison county, and on the 14th of February was levied on certain real estate; the other was directed to the sheriff of St. Clair county, and was on the sixteenth of the same month levied by him on eight tracts of land.

On the 29th of March, 1843, Joseph F. Tissier sued out of the same Court two writs of attachment against the same defendants, which were directed as the previous writs. The sheriff of Madison on the same day levied on the real estate previously attached; and the sheriff of St. Clair on the 30th of March levied on five of the tracts of land included in his first levy, and also on some other real estate.

All of the writs of attachment were returnable to the May term 1843. During that term, Mullanphy obtained judgment for $490·93. On the 10th of August, 1843, a special execution issued on the judgment directed to the sheriff of St. Clair, which he returned on the 11th of November following, by the order of the plaintiff.

At the October term 1843, Tissier recovered judgment for $3652. On the 29th of April, 1844, a special execution issued thereon, directed to the sheriff of St. Clair, under which, on the 14th of September following, he sold to Tissier

three hundred and twenty acres of the land embraced by both of the levies, and eighty acres of the land included in the last levy only, for the sum of $2250.

The land attached in the county of Madison was sold to Mullanphy on the 19th of September, 1844, for $47·50, under an execution issued on his judgment.

No order of the Circuit Court directing a distribution of the proceeds of the estate attached between the attaching creditors, was ever served on the sheriff of St. Clair until the first of October, 1845; nor did any certificate of the order of distribution accompany either of the executions directed to him.

On the foregoing state of facts, and after notice to the sheriff of St. Clair, the Madison Circuit Court, at its October term 1845, made a rule absolute on the sheriff to pay over to Mullanphy the sum of $275, to be credited on his judgment as his proportion of the proceeds of the sale of the lands in St. Clair county.

To reverse that order, the sheriff prosecutes a writ of error to this Court. The only provision of the statute which has any bearing on the question presented in this case, is the twenty fourth section of the *"Act concerning Attachments,"* approved February 12th, 1833. It is there provided, that where there are several attachments against the same defendant returnable to the same term, the Court shall direct the clerk to estimate the proportion which each attaching creditor will be entitled to receive out of the proceeds of the estate attached, on the principle of a *pro rata* division thereof according to the amounts of their respective judgments; and the clerk is required to certify the same to the sheriff, who is required to pay the several parties in the proportion thus certified, and indorse the payment on the respective executions. The certificate given under this notice is a sufficient authority to the sheriff to pay the proceeds accordingly. It is, moreover, a direction which he cannot disregard but at his peril. And when he fails to make the application as required by the certificate, the Court from whence the executions issued may, with propriety, compel

him to pay the creditors their respective proportions. But this is not such a case. Here, the certificate was never presented to the sheriff until long after the sale of the property and the return of the execution. The execution under which he proceeded, gave him no special directions respecting the disposition of the proceeds. Under the general authority derived from the process, he was at liberty to pay over to Tissier the proceeds of the sale; or if Tissier was the purchaser, to indorse the amount of his bid as a credit on the execution. It is most probable that no money was actually received by the sheriff, but that the amount of the bid was thus indorsed. If he was not notified of the order of distribution, it would be doing him great injustice to require him to pay Mullanphy's proportion of the proceeds, when he might never be able to compel Tissier to refund. He was not the sheriff of the county in which the suits were commenced, and it cannot, therefore, be presumed that he was cognizant of the proceedings had therein. The first execution did not inform him that any order had been made concerning the division of the proceeds. If it had remained in his hands until he received the second execution, perhaps a different presumption might arise. But from the mode of its return, he had as much right to suppose that Mullanphy's judgment was satisfied, as that he was entitled to a share of the proceeds.

In every point of view, we are satisfied that no fault is imputable to the sheriff, and that the order of the Circuit Court was unwarranted.

Tissier was not a party to the motion, and it would consequently be improper for us to express any opinion as to the rights of the attaching creditor. Whether Mullanphy has the prior lien, and if not, and the liens are concurrent; whether he can compel Tissier to contribute a portion of the price of the estate sold, are questions which can only be properly settled in some proceeding to which both are parties, and each has an opportunity of asserting his rights.

The order of the Circuit Court against the sheriff of St. Clair county, is reversed with costs.

*Order reversed.*